UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MASSACHUSETTS

Carmen I. Ghulam, and )
Muhayyondin Ghulam, (A#78 63 760) )
)
Plaintiffs, ) Case No. _____
) 05-30055-MAP
vs. )
)
)
Denis Riordan, Director of the USCIS )
   Boston District Office, )
Eduardo Aguirre, USCIS Director, and )
Michael Chertoff, Secretary of the )
   Department of Homeland Security )

Defendants

---

## PLAINTIFF'S ORIGINAL COMPLAINT FOR WRIT IN THE NATURE OF MANDAMUS

Plaintiffs, by their attorneys, ANGELIDES & SOUTH, LLP, hereby allege, upon information and belief, as follows:

### I. INTRODUCTION

1. This is a civil action brought by the Plaintiffs, to compel the Defendants and those acting under them to take action on the visa petitions (INS Form I-130) filed on Mrs. Ghulam's behalf and the application for adjustment of status (INS Form I-485) filed by Mr. Ghulam. These petitions were filed with the Immigration and Naturalization Service, which is now called US Citizenship and Immigration Services (USCIS) and which Defendants and those acting under them have failed to take timely action on.

### II. JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 USC § 1331 (federal subject matter

jurisdiction) in conjunction with 28 USC § 1361 (mandamus), the Administrative Procedure Act (APA) (5 USC § 555(b), and the Immigration & Nationality Act and regulations implementing it (Title 8 of the CFR).

3. Under 28 USC § 1331, "(t)he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. "There is jurisdiction under 28 USC §1331 because this action arises under 28 USC §1361 (mandamus), the Administrative Procedure Act (APA) (5 USC § 555(b) and 5 USC § 702), and the Immigration & Nationality Act (INA) and regulations implementing it (Title 8 of the CFR).

4. Under 28 USC § 1361, "(t)he district court shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

5. The APA requires USCIS to carry out its duties within a reasonable time. The provision of the APA that provides this is 5 USC §555(b), which states that "(w)ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." USCIS is subject to 5 USC§555(b). Mr. Ghulam contends that the delays in processing his application for adjustment of status are unreasonable.

6. Both the regulations and the INA provide numerous examples of duties owed by USCIS in the adjustment of status process. 8 USC§1103 states that "[t]he Attorney General *shall* be charged with the administration and enforcement of this chapter and all other laws relating to the immigration and naturalization of aliens."(emphasis added.) The Code of Federal Regulations further provides that each "[e]ach applicant for adjustment of status under this part *shall* be interviewed by an immigration officer,' 8CFR§245.6 (emphasis added); and, most importantly,

that 'the applicant *shall* be notified of the decision of the Director, and, if the application is denied, the reasons for the denial," 8CFR§245.2. (emphasis added.) The language of the statute and these regulations is mandatory, not discretionary, and requires the Defendant to adjudicate the adjustment of status application.

7. Venue of this action is proper under 28 USC§ 1391(e)(3). Mr. and Mrs. Ghulam live in Springfield, Massachusetts and the USCIS District Office of Boston is adjudicating the plaintiffs' applications.

### III. PARTIES

8. The Plaintiffs, Carmen Torres Ghulam and Muhayyoden Ghulam are wife and husband. Mr. Ghulam is a native and citizen of Pakistan. Mrs. Ghulam filed a visa petition (Form 1-130) simultaneously with Mr. Ghulam's application for adjustment of status (Form 1-485), which was sent to the Defendant on 03/26/2000. One of the Defendants' Examiners interviewed the Plaintiffs concerning their applications on October 10, 2000 in Boston. USCIS has yet to take action on their applications, even though the interview took place over four years ago. USCIS has not provided plaintiffs or their attorneys with any information regarding the status of the applications. Since it is unknown whether any action has ever been taken on the visa petition that Mrs. Ghulam filed on behalf of her husband, both she and her husband have been named as plaintiffs. Mr. Ghulam is the proper plaintiff for the Defendants' failure to act on the adjustment of status application. Mrs. Ghulam is the proper plaintiff for the Defendants' failure to act on the 1-130 family petition.

9. Defendant Denis Riordan is sued in his official capacity. He is the Director of the Boston District office of the USCIS. As such, he is the Attorney General's designate for the Boston

District, charged with the duty of administration and enforcement of all functions, powers, and duties of USCIS District Office that has jurisdiction over the final adjudication of the Ghulam petitions. Eduardo Aguirre is the Director of the US Citizenship and Immigration Service. He is being sued in his official capacity as the Director charged with the duty of administration and enforcement of all functions, powers, and duties of all the District USCIS offices. On November 25, 2002, the President signed into law the Homeland Security Act of 2002 (Pub. L. No. 107-296), which created the new Department of Homelands Security (DHA0. Pursuant to the provisions of the Homeland Security Act, DHS came into existence on January 24, 2003. As provided by the Homeland Security Act and by the Department of Homeland Security Reorganization Plan of November 25, 2002, as modified (Reorganization Plan), the functions of the INA of the Department of Justice, and all authorities with respect to those functions, transferred to DHS on March 1, 2003, and the INS was abolished on that date. The transition and savings provisions of the Homeland Security Act, including sections 1512(d) and 1517, provide that references relating to the INA in statutes, regulations, directives or delegations of authority shall be deemed to refer to the appropriate official or component of DHS. Secretary Michael Chertoff is sued in his official capacity as the head of the Department of Homeland Security.

## IV. FACTS

10. Mr. Muhayyoden Ghulam is a native and citizen of Pakistan. He was born on January 28, 1972.

11. He entered the United States on 10/14/99, as a nonimmigrant visitor.

12. On March 7, 2000, Mr. Ghulam married Carmen (Torres) Ghulam, a citizen of the United States.

13. On March 23, 2000, Mr. And Mrs. Ghulam filed simultaneous applications, Form 1-130 and Form 1-485, respectively, with the INS.

14. On October 10, 2000, USCIS Boston District Examiner, Heather Berger interviewed Mr. and Mrs. Ghulam in the Federal Building in Boston, Massachusetts. At the conclusion of the interview, Examiner Berger informed the Ghulams she was referring the case to the Investigations Unit.

15. On December 6, 2002 after numerous inquires to USCIS Mr. and Mrs. Ghulam, through their newly retained counsel submitted a written inquiry for information under the Freedom of Information Act.

16. In the file was an internal memo dated February 13, 2003 from Walter Smith to Examinations stating that the case was being returned to Examinations "due to lack of resources".

17. In June 2003 Mr. Ghulam went to Boston to inquire on the status of the case and was again fingerprinted.

18. On September 11, 2003, Mrs. Ghulam received a letter from Denis Riordan, the Director of the District Office in Boston. The letter stated the Service's intent to deny petition, and requested further evidence of the validity of the marriage.

19. The Ghulam family responded within the required 18 days with further information including; affidavit from Mrs. Ghulam, letters from daughter, mother-in-law, and niece, and financial records showing commingling of funds: car loan, mortgage, 3 bank accounts, and tax returns.

## V. EXHAUSTION OF REMEDIES

20. Mr. and Mrs. Ghulam went to the Boston USCIS office and called several times.

21. Mr. and Mrs. Ghulam contacted Senator Kerry's and Representative Neal's offices for

assistance numerous times.

22. Mr. and Mrs. Ghulam hired an attorney to file a FOIA (Freedom of Information Act request).

23. On October 20, 2004, subsequent counsel, ANGELIDES & SOUTH, LLP, wrote to Mr. Denis Riordan, Director of the Boston District Office of USCIS requesting information and adjudication. The letter stated further action might be taken in the Courts. There was no answer to the correspondence.

24. Mr. and Mrs. Ghulam continued to contact Senator Kerry and Representative Neal's office.

25. ANGELIDES & SOUTH, LLP filed out and submitted a follow up FOIA request on the file.

26. Counsel received a phone call from an officer stating the file was with an officer according to the computer. He was unable to offer a time frame of adjudication or explain where the file was in the process.

27. Plaintiffs have exhausted their administrative remedies: Plaintiffs have, through their attorney, made numerous inquiries concerning the status of the applications to not avail.

## V. REQUEST FOR RELIEF
### COUNT ONE
(Unreasonable Delay)

28. The allegations contained in paragraphs 1 through 24 above are repeated and realleged as though fully set forth herein.

29. Mr. and Mrs. Ghulam have complied with all the requirements for seeking adjustment of status for Mr. Ghulam.

30. Plaintiff's applications have now remained unadjudicated for well over 4 years.

31. Defendants have sufficient information to determine Plaintiff's eligibility pursuant to applicable requirements. To date, said applications have not been adjudicated.

32. The Defendants have willfully and unreasonably delayed and have refused to adjudicate the visa petition and application for adjustment of status.

33. Defendants' refusal to act in this case is, as a matter of law, arbitrary and not in accordance with the law. Defendants willfully, and unseasonably, have delayed in and have refused to, adjudicate Plaintiffs' application for over four years, thereby depriving them of the right to a decision on Mr. Ghulam's status and the peace of mind to which Plaintiffs are entitled.

34. The Defendants owe Mr. Ghulam a duty to adjudicate the visa application and adjustment of status application and has unreasonable failed to perform that duty. This duty is owed under the INA and regulations as well as by the fact that by charging a filing fee, USCIS created for itself an obligation to process and adjudicate the application.

35. The delay is unreasonable per se.

36. The delay is unreasonable in light of USCIS estimated processing times and press releases which claim improved processing times and increased efficiency, and which further indicate that adjustment of status application can be processed in less time now that in prior years.

37. The delay is unreasonable in light of the fact the Mr. and Mrs. Ghulam have been interviewed. Since the fact-finding has been completed, there is no reason for any further delays.

38. The delay is unreasonable in light of the fact that upon information and belief, as a result of the delay, Mr. Ghulam will have to be fingerprinted again, in order to have his adjustment of status application adjudicated. Since USCIS has made no efforts to fingerprint him again, his case is in an indefinite administrative limbo.

39. The delay is unreasonable in light of the fact that upon information and belief, as a result of the delay, Mr. Ghulam will have to undergo another medical exam, in order to have his

adjustment of status application adjudicated. Since he has no idea when adjudication will take place, he cannot arrange a medical exam (the results of which become worthless after 365 days).

**40.** The delay is unreasonable in light of the fact that the Plaintiff has had to renew his employment authorization card (EAD) several times subsequent to the adjustment of status interview, and the most recent renewal was difficult due to the turmoil in the Boston District Office due to changes in procedure and fees.

**41.** The delay is unreasonable in light of the fact that USCIS has been unable to adequately respond to any of the Plaintiffs' inquiries on their applications.

**42.** By making numerous inquiries on the status of the applications, Mr. and Mrs. Ghulam have exhausted any and all administrative remedies that may exist. No other remedy exists to resolve Defendants' delay and lack of ability or willingness to adjudicate the Plaintiff's application for adjustment of status.

**WHEREFORE**, and in light of the foregoing, Plaintiffs, Mr. And Mrs. Ghulam pray that the Court;

A. Assume jurisdiction herein;

B. Compel the Defendants and those acting under them to perform their duty or duties to adjudicate the family petition and application for adjustment of status.

C. Grant such other and further relief, as the Court deems appropriate and just;

D. Grant attorney's fees and costs of court.

Date: Springfield, Massachusetts
    February 23, 2005

> Respectfully submitted,
> ANGELIDES & SOUTH LLP
> 256 North Pleasant St.
> Amherst, MA 01002
> (413)256-1901
>
> By: _____
> Marie Angelides
> BBO#631978

## LIST OF ATTACHMENTS

| Exhibit | Description |
| --- | --- |
| A. | Internal memorandum from Walter Smith 2/13/03 returning the file to Examinations |
| B. | Director Denis Riordan's letter dated 9/11/03 of Intent to Deny |
| C. | Letter to Director Denis Riordan requesting information |

## **VERIFICATION**

Marie Angelides, under penalty of perjury, states the following:

1. I am an attorney admitted to practice before this Court. I am a partner in the law firm, ANGELIDES & SOUTH, LLP, representing the Plaintiffs in the foregoing Complaint.

2. I affirm the truth of the contents of the foregoing Complaint upon information and belief. The sources of my information and belief are documents provided to me by, and conversations with, the Plaintiffs.

Dated: Springfield, Massachusetts
       February 23, 2005

_____
Marie Angelides
BBO#631978

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served by registered mail to Director Denis Riordan, USCIS, JFK Federal Building, District Director Room 1700, Boston, MA 02203; Director Eduardo Aquirre, USCIS, 20 Massachusetts Ave., NW, Washington, DC 20529; Secretary Michael Chertoff, Department of Homeland Security, 1300 Pennsylvania Ave., NW Washington, DC 20229; and Atty. Michael J. Sullivan, US Attorney's Office, 1550 Main St., US Courthouse, Room 310, Spfld, MA 01103.

                                                Marie Angelides

U.S. Department of Justice
Immigration and Naturalization Service

INVESTIGATIONS
ADMINISTRATIVE INFORMATION SHEET

| TO: (Requestor of Investigation) Examinations | | |
|---|---|---|
| In Re: (Name) MUHAYYODIN, Ghulum | Inmate Number: | File Number A78_163_760 |

The investigation requested in this matter was (check appropriate box):

☐ not initiated because the issue identified in the request is not an Investigations matter.

☐ not initiated because, based on Investigations experience in previous similar matters, ther is little likelihood of obtaining information that would result in denial of the benefit soug or result in the location of the alien.

☐ terminated because, after the case had been received, no active investigation had occurred and it no longer meets the Investigations priority acceptance criteria.

☐ terminated, because, during the course of Investigation, it was determined that further investigative efforts would probably not result in a successful completion.

☑ Other _____

SYNOPSIS
(if applicable)

Due to lack of resources this case is being returned to your section

| Supervisory Criminal Investigator Walter T. Smith    SSA | Date 2/13/03 |
|---|---|

DEPARTMENT OF JUSTICE
IMMIGRATION AND NATURLAIZATION SERVICE
John F. Kennedy Federal Building
Boston, MA 02203

Carmen I. Torres                                                    Refer to File Number:
49 Kamuda Street                                                    A78 163 760
Springfield, MA 01151                                     Date: SEP 1 1 2002

NOTICE OF INTENT TO DENY VISA PETITION

Reference is made to the visa petition you filed on March 28, 2000 with this office, on behalf of Muhayyudin Ghulam to accord the beneficiary visa benefits under Section 201(b) of the Immigration and Nationality Act as the spouse of a United States citizen.

You and your beneficiary spouse appeared for a personal interview on October 10, 2000. During the interview you both claimed that you were living together in marital union, yet neither of you showed persuasive evidence of a bona fide marital relationship.

In making a decision regarding the validity of a marriage, the District Director should "reach an independent conclusion based on the evidence of record." **Matter of Tawfik**, 20 I&N 166 (BIA 1990). In determining the validity of a marital relationship, the central question is whether the bride and groom intended to establish a life together at the time they were married. **Matter of McKee**, 17 I&N Dec. 322 (BIA 1980). **Matter of Laureano**, 19 I&N Dec. 1 (BIA 1983), states that the conduct of the parties after the marriage is relevant as to their intention at the time of the marriage. **Matter of Brantigan**, 11 I&N Dec 493 (BIA 1966), states that the burden of proof to establish eligibility for the benefit sought lies with the petitioner. Your answers to several questions regarding the bona fides of your marriage were vague. The documentation you presented was also insufficient to render a favorable decision.

You were visibly nervous during the course of the interview and hesitated with the even the most basic of questions. You testified that that you did not know the date of your beneficiary spouse's birth. During the course of the interview, your beneficiary spouse moved away from you when you would reach or lean towards him. Your beneficiary spouse testified that you and he met in November of 1999 and married on March 7, 2000. You testified that your beneficiary spouse lives in the home owned by you and your mother. You provided a loan statement showing only you and your mother, Luz Rosario, listed as owners. Your beneficiary spouse testified that he did not know whose voice was on the answering machine at the house you and your beneficiary spouse claim to share.

You testified that you and your beneficiary spouse share a bank account together. You testified that you and your beneficiary spouse each have an ATM to access this account. However, neither ATM card was signed nor did the cards show the markings that either card had been used. You provided a bank statement dated September 27, 2000 addressed to both you and your petitioning spouse. The statement reveals that on September 6, 2000, your beneficiary spouse ordered checks for the account. This reflects a date just over a month before the interview. The statement also reveals a deposit of $1,000.00 was made on September 15, 2000 in New York City. Despite the significant amount deposited, neither you nor your beneficiary spouse knew who made this deposit. It appears that this account appears joint in name only and, therefore, fails to provide probative value to the present petition.

You testified that you and your beneficiary spouse share one (1) car and provided the registration reflecting this claim. However, the registration shows an effective date of August 8, 2000, a date two (2) months before the interview and five (5) months after your claimed marriage. It appears that you registered this vehicle jointly for the purpose of presenting it to the Service. It appears to be self-serving and, therefore, lacks probative value. You testified that you have another car, that belongs sole to you and you do not share it with your beneficiary spouse.

You have failed to provide any other evidence or evidence that you intended to establish a life together at the time you were married nor have you provided evidence to that effect in the period after you were married. It appears that you have procured all of the above for the sole purpose of evading the Immigration laws.

Please be advised that you have eighteen (18) days from the dated of this letter to respond to the above allegations and to present any additional evidence which in your opinion will justify a reconsideration of this determination. Included in your response should be a reasonable explanation for the inconsistencies. At the end of that time, a decision will be made with the information available.

Sincerely,

Denis C. Riordan
Interim Director
Citizenship and Immigration Service

**Re: Muhayyodin Ghulam/ Failure to adjudicate 1-130/1-485
A# 78163760**

Dear Mr. Riordan

My client Mr. Ghulam is married to an American citizen, Carmen (Torres) Ghulam. The couple filed the 1-130, and 1-485. **The interview was in Boston, on 10/17/00.** The examiner, Heather Berger, referred the case to Karen-Anne Haydon (Assistant District Director, Exams) as a Referral for Fraud/Video Interview.

On **9/11/03** Mrs. Ghulam received a letter from you, the **NOTICE OF INTENT TO DENY VISA PETITION**. As requested in the letter Mr. and Mrs. Ghulam sent further documentation within the 18 day period.

Mr. and Mrs. Ghulam have not received any further information. It has been four years since the initial interview and over one years since they sent the extra supporting documentation. **They respectfully request an adjudication regarding their case or even a new interview for an unconditional green card.**

Mr. Ghulam has requested and received a copy of his file through a FOIA. He has tried to obtain information two times through Senator Kerry's office. He contacted Representative Richard Neal every three months. The last communication with Rep. Neal's office was that they would receive an answer in three months and that time period has long pasted. He does not have receipt numbers to check the status of his case on line.

I have enclosed a G-28, and a copy of Mr. Ghulam's last correspondence from your office.

Thank you for your consideration in this matter. The failure to obtain a green card has caused emotional and financial stress on Mr. Ghulam, his wife, and stepdaughter. Please let us know how we can expedite this matter without further actions in the Court. We look forward to hearing from you in the next thirty days.

Respectfully submitted,

_____
Marie Angelides, Esq.

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Ghulam, Carmen/ Ghulam, Mohayyondin

### DEFENDANTS
USCIS: Denis Riordan, Director of Boston District Office
USCIS: Eduardo Aguirre, USCIS Director/ DHS: M. Chertoff, Sec

**(b)** County of Residence of First Listed Plaintiff  **Hampden**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Marie Angelides, Angelides & South LLP; 256 No Pleasant St.
Amherst, MA 01002; 413-256-1901

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land |  ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  |  |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☒ 540 Mandamus & Other |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC sec. 1361
Brief description of cause:
Complaint for writ in the nature of mandamus

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE
DOCKET NUMBER

DATE 2/24/05

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Ghulam V. Riordan, USCIS, Boston District Office__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [X] II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
      740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   for patent, trademark or copyright cases
   - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
      315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
      380, 385, 450, 891.
   - [ ] IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
      690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V. 150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES [ ]   NO [✔]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES [ ]   NO [✔]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES [ ]   NO [ ]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES [✔]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?

   Eastern Division [ ]   Central Division [ ]   Western Division [✔]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

   Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Marie Angelides, Angelides & South LLP__
ADDRESS __256 North Pleasant St., Amherst, MA 01002__
TELEPHONE NO. __413-256-1901__

(Coversheetlocal.wpd - 10/17/02)