UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CARMEN GHULAM and ) | |
| MUHAYYONDIM GHULAM ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. |
| ) | 05cv30555-MAP |
| vs. ) | |
| ) | |
| DENIS RIORDAN, Director of the USCIS ) | |
| Boston, et al., ) | |
| ) | |
| Defendants ) | |

## PLAINTIFF'S RESPONSE TO MOTION TO DISMISS COMPLAINT

Plaintiffs, by their attorneys, ANGELIDES & SOUTH, LLP, respectfully request the Court deny the Defendants' Motion to Dismiss the Complaint, compel the defendants to adjudicate the petitions or in the alternative to allow oral arguments. A supporting brief accompanies this response.

Respectfully submitted,

Carmen Ghulam
Muhayyondin Ghulam,

By: _____
Marie Angelides
Angelides & South LLP
256 North Pleasant St.
Amherst, MA 01002

Dated June 13, 2005

Belief, as follows:

## I. INTRODUCTION

This is a civil action brought by the Plaintiffs, to compel the Defendants and those acting under them to take action on the visa petitions (INS Form 1-130) filed on Mrs. Ghulam's behalf and the application for adjustment of status (INS Form 1-485) filed by Mr. Ghulam. These petitions were filed with the Immigration and Naturalization Service, ( now called US Citizenship and Immigration Services (USCIS)). The defendants and those acting under them have failed to take timely action.

## II. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 28 USC § 1331 (federal subject matter jurisdiction) in conjunction with 28 USC § 1361 (mandamus statute)

2. The Administrative Procedure Act ("APA"), 5 U.S.C. § 551 *et seq.* provides a cause of action when the government unreasonably delays action or fails to act. Califano v. Sanders, 430 U.S. 99, 105 (1977); 5 U.S.C. §§ 555(b) and 706(1).

3. The government argues that the Court does not have "jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action of the Attorney General to **commence proceedings, adjudicate cases or execute removal orders against any alien...**" The plaintiffs are not asking for any action in regards to removal orders. The plaintiffs are asking for an **action on the visa petitions.**

4. The defendant argued and attached a recent decision in the seventh circuit, Saleh v. Ridge 2005 WL 44677 (S.D.N.Y. Feb. 24, 2005) This was a case requesting mandamus to compel USCIS to adjudicate an adjustment of status petition. The Court found in this case it had subject matter jurisdiction.

## II. MANDATORY DUTY

6. The defendants argue that there is no basis for relief because the defendants do not have a clear, ministerial duty **to approve** the visa petition and application for adjustment of status. The plaintiffs are not asking for an approval of the family petition and adjustment of status petition. The plaintiffs are asking that USCIS **adjudicate** the petitions.

7. The defendants argue that mandamus relief is not available to review discretionary acts and the **granting of a visa petition is a form of discretionary relief.** The plaintiffs are not asking for discretionary relief. They are asking for the USCIS to **perform its ministerial duty and adjudicate the petitions.** Jefrey v. INS, 710 F. Supp. 486 (S.D.N.Y.1989)

8. The adjudication of family and adjustment of status visa are the defendant official's duty to act and is ministerial. Iddir v. INS, 301 F. 3d 492, 497-98 (7th Cir. 2002); Paunescu v. INS, 76 F. Supp. 2d 896, 900 (N.D. Ill 1999)

9. The plaintiffs have no other remedies until there is an adjudication of their petitions.

### III. THERE HAS BEEN UNREASONABLE DELAY

10. The defendants argue that there is no unreasonable delay and that the name check is pending. A letter was sent to the plaintiffs in **March 2000** stating that the file was in a background name check. An USCIS liaison officer in **November 2004** stated the file was in a background check. Denis Riordan, Director of USCIS in Boston filed an affidavit on **May 24, 2005** stating the national security check is still in a pending status.

11. Family petitions with adjustment of status petition for spouses of U.S. citizens that have been filed in 2004 have been taking an average of 7 months between fingerprinting and adjudication on the visas. Mr. Ghulam received another fingerprint notification on March 17, 2005. The plaintiff's security check should be much faster than the 2004 applications because the process began several years ago and according to the Defendants his case was put on an expedited track.

12. The defendants argued that a period of five years to adjudicate a petition for adjustment of status was not unreasonable. The plaintiffs argue five years is an unreasonable period of time. If the petition was adjudicated in a timely manner, the plaintiff could have become a U.S. citizen during this time.

13. Mr. Ghulam has been living in the U.S. since 1999. He has no criminal history. He has been married to a U.S. citizen and raising a U.S. citizen child since 2000. He has been paying taxes. The failure to adjudicate the visa petitions has been an emotional and financial strain on the family. Mr. Ghulam has hired several lawyers. He has traveled to Boston numerous times. He had to apply repeatedly for work authorization cards and advanced parole in order to see his family in his home country. These applications cost $175 and $165 respectively. He has had his application for work authorization cards delayed and it cost him a job in 2004.

14. The defendant argued and submitted the case Saleh v. Ridge 2005 WL 446770 (S.D.N.Y. Feb. 24, 2005). The Court in this case found there was not unreasonable delay in the adjudication of an adjustment of status petition. The Court stated "what constitute an unreasonable delay in the context of immigration applications depends to a great extent on the facts of the particular case". The Saleh v. Ridge case can be distinguished from this case in that the petitioner was a asylee and there is an annual 10,000 asylee limit on the number of adjustment of status applications granted per year. The petitioner also had a criminal background. In the plaintiffs' case the petitions are for a U.S. citizen and her spouse. There is no limit to the amount of petitions granted per year, and there is no criminal background. The plaintiffs have done nothing to delay the application and have been very responsive to any questions by USCIS

### IV. CONCLUSION

For the foregoing reasons, the plaintiffs respectfully request that the Court deny the defendant's motions to dismiss; compel the defendants to perform their ministerial duties and adjudicate the petitions or in the alternative to allow for oral arguments.

Date: Springfield, Massachusetts
    June 13, 2005

Respectfully submitted,
ANGELIDES & SOUTH LLP
256 North Pleasant St.
Amherst, MA 01002
(413)256-1901

By: _____
Marie Angelides
BBO#631978

## CERTIFICATE OF SERVICE

    I hereby certify that a true copy of the above document was served by hand on June 14, 2005 to Atty. Michael J. Sullivan, US Attorney's Office, Karen Goodwin, Assistant U.S. Attorney, Federal Building & Courthouse, 1550 Main St., US Courthouse, Room 310, Spfld, MA 01103.

_____
Marie Angelides