UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CARMEN L. GHULAM and )
MUHAYYODEN GHULAM, )
                                          )
                     Plaintiffs )
                                          )
          v.                          )    Civil Action No. 05-30055-MAP
                                          )
DENNIS RIORDAN, Director of the, )
UCIS Boston, District Office, et al., )
                                          )
                     Defendants )

REPORT AND RECOMMENDATION WITH REGARD TO
DEFENDANTS' MOTION TO DISMISS (Document No. 4)
August 12, 2005

NEIMAN, U.S.M.J.

Dennis Riordan ("Riordan"), Director of the Boston District of the United States

Citizenship and Immigration Service ("USCIS") of the Department of Homeland Security

("DHS"), Eduardo Aguirre, USCIS Director, and Michael Chertoff, DHS Secretary

(together "Defendants") have moved pursuant to Fed. R. Civ. P. 12(b)(1) and (6) to

dismiss Carmen and Muhayyoden Ghulam's (together "Plaintiffs'") complaint for lack of

subject matter jurisdiction and failure to state a claim upon which relief may be granted.

This matter has been referred to this court for a report and recommendation.  *See* 28

U.S.C. § 636(b)(1)(B).  For the reasons provided below, the court will recommend that

Defendants' motion be allowed.

I. STANDARD OF REVIEW

Rule 12(b)(1) allows an action to be dismissed for "lack of jurisdiction over the

subject matter" and Rule 12(b)(6) allows a complaint to be dismissed for "fail[ing] to state a claim upon which relief can be granted." Under Rule 12(b)(1), the party invoking jurisdiction, i.e., the plaintiff, has the burden to demonstrate subject matter jurisdiction. *Murphy v. United States*, 45 F.3d 520, 522 (1st Cir. 1995). "[W]henever it appears" to the court that it lacks subject matter jurisdiction, "the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3). Under Rule 12(b)(6), a complaint may be dismissed "if no well-pleaded set of facts supports recovery." *Alternative Sys. Concepts, Inc. v. Synopsys, Inc.*, 374 F.3d 23, 29 (1st Cir. 2004) (citing, *inter alia*, *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Under both rules, the court must construe all allegations in favor of the plaintiff, the non-moving party. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Coyne v. City of Somerville*, 972 F.2d 440, 443 (1st Cir. 1992).

## II. BACKGROUND

Most of the following allegations come directly from Plaintiffs' complaint. To give a complete picture, however, the court has also considered documents attached to the complaint. *See Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001) (noting that such documents may be considered on a Rule 12(b)(6) motion without converting it into motion for summary judgment).

On February 24, 2005, Plaintiffs filed this action to compel Defendants to "take action" on their visa petition and application for adjustment of status. (Complaint ¶ 1.) Muhayyoden Ghulam is a Pakistani native and citizen who entered the United States on October 14, 1999, and married Carmen (Torres) Ghulam, a United States citizen, on March 7, 2000. (*Id.* ¶¶ 10-12.) On March 23, 2000, Plaintiffs filed a visa petition and

2

applied for adjustment of Mr. Ghulam's status. (*Id.* ¶ 13.) USCIS interviewed Plaintiffs

on October 10, 2000. (*Id.* ¶ 14.) In September 2003, Plaintiffs responded to USCIS's

request for additional evidence about the validity of their marriage. (*Id.* ¶¶ 15-19.)

Frustrated with the proceedings' delay, Plaintiffs have repeatedly contacted

USCIS, Senator John Kerry and Representative Richard Neal and have also filed

Freedom of Information Act requests. (*Id.* ¶ 20-22.) In addition, Plaintiffs filed this

lawsuit action in which they seek a writ of mandamus to accelerate USCIS's

adjudication of their case.

## III. DISCUSSION

Defendants contend that there is no statutory authority for jurisdiction.

Defendants also argue that there has been no unreasonable delay. In the end, the

court finds both arguments persuasive and, accordingly, will recommend that

Defendants' motion to dismiss be allowed.

### A. Jurisdiction

The initial question is whether there is jurisdiction under the Immigration and

Nationality Act ("INA"), the Administrative Procedures Act ("APA"), the Mandamus Act,

or the general federal question statute, 28 U.S.C. § 1331. The court agrees with

Defendants that no jurisdiction exists under any one of these statutes.

According to the INA, "no court shall have jurisdiction" over any claim "arising

from the decision or action by the Attorney General to commence proceedings,

adjudicate cases, or execute removal orders against any alien." 8 U.S.C. § 1252(g).

Since this appears to be a claim arising from an action to adjudicate Plaintiffs' case, the

3

court does not have jurisdiction under the INA.  Lack of jurisdiction under the INA also

bars the court from exercising jurisdiction under the APA because the APA by itself

does not independently confer jurisdiction if the underlying statute limits jurisdiction.

*See Califano v. Sanders*, 430 U.S. 99 (1977); *Saleh v. Ridge*, 367 F. Supp. 2d 508, 511

(S.D.N.Y. 2005).[1]

For its part, the Mandamus Act does give district courts the authority to "compel

an officer or employee of the United States or any agency thereof to perform a duty

owed to the plaintiff."  28 U.S.C. § 1361.  The First Circuit, however, has narrowly

construed the scope of such relief, focusing particularly on whether the duty was truly

"owed to the plaintiff."  *See Chronicle Publ'g Co. v. Hantzis*, 902 F.2d 1028, 1031 (1st

Cir. 1990).  The court stated that mandamus is only available when there is "(a) some

special risk of irreparable harm, and (b) clear entitlement to the relief requested."  *Id.*

(citation omitted).  Given the "clear entitlement" requirement, mandamus does not

appear appropriate for the discretionary acts at issue here.  *See Giddings v. Chandler*,

979 F.2d 1104, 1108 (5th Cir. 1992) (alien unable to bring suit under either Mandamus

Act or APA to compel INS to take action on his petition) (citing, *inter alia*, *Nova Stylings,

Inc. v. Ladd*, 695 F.2d 1179 (9th Cir. 1983)).  *See also Saleh*, 367 F. Supp. 2d at 511

(adjustment of status and the decision of whether to grant a visa petition are

discretionary acts and thus not eligible for mandamus relief).  *Cf. Iddir v. INS*, 301 F.3d

492, 497, 499 (7th Cir. 2002) (holding that while a delay which inherently resulted in

---

[1]  In addition, it appears that in the limited situations where judicial review of INA actions is available, jurisdiction often lies exclusively in courts of appeal.  *See, e.g.*, 8 U.S.C. §§ 1252(b)(2), (c)(1).

4

denial was not discretionary, there was no statutory duty to adjudicate within the time frame).

As a last resort, Plaintiffs claim that jurisdiction arises under the federal question statute, which empowers district courts to hear "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  In this court's view, however, such *catch-all* jurisdiction would be inappropriate where the INA and APA contain *specific* language to the contrary.  *See Stockman v. Federal Election Comm'n*, 138 F.3d 144,  (5th Cir. 1998) ("[A]n inference of intent to preclude judicial review . . . could be drawn when the relevant statute specifically grants the right of review to a particular class of persons not including the plaintiff.") (citing, *inter alia*, *Block v. Community Nutrition Inst.*, 467 U.S. 340, 350 (1984); *National R.R. Passenger Corp. v. Nat'l Ass'n of R.R. Passengers*, 414 U.S. 453, 458 (1974)).  *But see Saleh*, 367 F. Supp. 2d at 511-12 (finding federal question jurisdiction in similar circumstances, but nevertheless dismissing petition).

B. Unreasonable Delay

Even assuming that the court has subject matter jurisdiction in this matter, Plaintiffs have failed to demonstrate that there has been unreasonable delay. According to the *Saleh* court, a delay of five years -- essentially the time period currently at issue here -- was "not unreasonable" as a matter of law.  *Id.* at 513. Unfortunately for their cause, Plaintiffs fail to cite any decision to the contrary.  Further, and perhaps more importantly, Defendants are required to follow several procedures, including detailed background checks, before adjudicating a request for adjustment of

5

status.  While USCIS promises to perform all background checks "as expeditiously as possible," Mr. Ghulam's "national security check is still in a pending status." (Defendants' Brief, Ex. A ¶¶ 7-8.)  In sum, and particularly given the deference that courts must give to internal agency priorities and decision making, *see Ven v. Ashcroft*, 386 F.3d 357, 360 (1st Cir. 2004), the court believes that Plaintiffs have failed to demonstrate unreasonable delay.

IV. CONCLUSION

For the reasons stated, the court recommends that Defendants' motion to dismiss be ALLOWED.[2]

DATED: August 12, 2005

   /s/ Kenneth P. Neiman
KENNETH P. NEIMAN
U.S. Magistrate Judge

---

[2]   The parties are advised that under the provisions of Rule 3(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within ten (10) days** of the party's receipt of this Report and Recommendation.  The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection.  The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation.  *See Keating v. Secretary of Health & Human Services*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980).  *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985).  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.