UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CARMEN L. GHULAM and MUHAYYONDIM GHULAM ) ) ) Plaintiffs ) ) v. ) ) DENIS RIORDAN, Director of the ) USCIS Boston District Office, et al ) | Civil Action No. 05cv30555-MAP |

## PLAINTIFFS' OBJECTION TO REPORT AND RECOMMENDATION WITH REGARD TO DEFENDANTS' MOTION TO DISMISS

The Plaintiffs, by their attorneys, ANGELIDES & SOUTH LLP, pursuant to Rule 3(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, object to the Report and Recommendation with Regard to Defendants' Motion to Dismiss. Said report was issued by United States Magistrate Judge Neiman on August 12, 2005 and received electronically by the Plaintiffs' attorneys on August 16, 2005.

LEGAL BASES FOR OBJECTION

I.   The issue of jurisdiction was improperly decided

The Report concluded that the Immigration and Nationality Act ("INA"), the Administrative Procedures Act ("APA"), and the Mandamus Act fail to accord the Plaintiff the necessary jurisdiction. Citing a First Circuit case holding that mandamus is available only when there is "(a) some special risk of irreparable harm, and (b) clear entitlement to the relief requested", the Report argues that the "discretionary acts at issue" in the present case make mandamus inappropriate. *Chronicle Publ'g Co. V. Hantziz*, 902 F.2d 1028, 1031 (1ST Cir. 1990).( Report, p.4).

To support this finding in the context of immigration, the Report follows with case cites from the

fifth, seventh, and ninth circuit courts of appeal as well as *Saleh v. Ridge*, (367 F.Supp. 2d 508, 511(S.D.N.Y. 2005). *Giddings v. Chandler*, 979 F.2d 1104, 1108 (5th Cir. 1992); *Iddir v. INS*, 301 F.3d 492, 499 (7th Cir. 2002); *Nova Stylings, Inc. v. Ladd*, 695 F.2d 1179 (9th Cir. 1983).

In its Order Granting Petition for Writ of Mandamus dated June 6, 2005, the U.S. District Court, Southern District of Florida, in *Elkhatib v. Bulter*, held that USCIS has a "non-discretionary duty to process Petitioner's application within a reasonable period of time". (Case No. 04-22407-CIV-SEITZ/MCALILEY, p.3). In so finding, the court cited *Yu v. Brown*, 36 F.Supp. 2d 922, 925 (D.N.M. 1999). Both *Elkhatib* and *Yu* present the same jurisdictional issue as the present case: the duty of the Attorney General to adjudicate applications for adjustment of status. Both courts found the duty to be nondiscretionary.

The Report cites *Saleh* for the proposition that the Plaintiffs' petition is not eligible for mandamus relief. The court in *Saleh* did hold, however, that because the plaintiff's petition had been pending for five years, the court held that the claim was "not patently without merit" and therefore the court had jurisdiction of the APA claim pursuant to 28 U.S.C. sec. 1331. *Id.* at 512. This basis for jurisdiction in the present case was discounted in the Report because it was found that the Plaintiff failed in his argument that he suffered unreasonable delay. (Report, p.5).

As in the present case, In Saleh, there was a five year delay in the adjudication of an adjustment of status application. The court found that such a delay was sufficient to bring the case within the boundaries of an APA claim pursuant of 28 USC 1331. *Id.* The court, however, held in that case that the delay was not unreasonable because of the particular circumstances of the case where the plaintiff's application was based on asylum and therefore subject to an annual cap. *Id* at 511.

II.    The issue of unreasonable delay was improperly decided

The Report again cites *Saleh* in support of the finding that delay in the adjudication of Plaintiff's petition has not been unreasonable. (Report, p. 5). As in the *Saleh* case, the Plaintiff's case has been pending for five years. Unlike the *Saleh* case, however, there is no annual cap because the application is not based on asylum. Therefore, the reasoning of the Report is incorrect.

Further, the court in *Elkhatib*, found four years to be an unreasonable delay for adjudication of an application for adjustment of status under the same circumstances as the present case. *Id* at 3.

The Plaintiffs have had their fingerprints processed as recently as August 12. Exhibit A. A criminal records check for Massachusetts was completed on June 29, 2005. Exhibit B.

For the foregoing reasons the Plaintiff objects to the Report and Recommendation With Regard to Defendants' Motion to Dismiss.

Respectfully submitted<br>
ANGELIDES & SOUTH LLP<br>
256 North Pleasant Street<br>
Amherst, MA 01002<br>
413 256 1901

By: /s/ Frances South
Frances South
BBO # 633168

## VERIFICATION

1. I am an attorney admitted to practice before this court.
2. I am a partner in the law firm Angelides & South LLP.

Dated: August 22, 2005
Amherst, Massachusetts

/s/ Frances South
Frances South

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed August 22, 2005, certified mail, postage pre-paid to :

Michael Sullivan, U.S. Attorney's Office

Karen Goodwin, Assistant U.S. Attorney
Federal Building and Courthouse
1550 Main Street Room 310
Springfield, MA 01103

Denis Riordan
Director of the USCIS Boston Office
JFK Federal Building, Room 1700
15 New Sudbury Street
Government Center
Boston, MA 02203

Eduardo Aguirre
Director, USCIS
20 Massachusetts Ave. NW
Washington, DC 20529

Michael Chertoff
Secretary of Department of Homeland Security
1300 Pennsylvania Ave. NW
Washington, DC 20229

                                      */s/ Frances South*
                                      Frances South

1-689* (Rev. 10-1-97)

FEDERAL BUREAU OF INVESTIGATION
Criminal Justice Information Services Division
CLARKSBURG, W.V. 26306

AUG 1 2 2005  5636

Please note the stamp on the back of the enclosed
fingerprint card indicating the results of the search of the FBI
Criminal Justice Information Services Division's files.

Enclosure(s)

Identification and Investigative
Services Section

FBI/DOJ

✓ ~~H.M.D~~

GHULAM   MUHAYYODIN

49 KAMUDA ST.
SPRINGFIELD MA. 01151-1971
06/24/05 Edward A. McDonell

? K

DC000000Z
CJIS-WV-DO-REQ
CLARKSBURG, WV

✓ 01 28 72

M  A  5'10  170  HZL  BLK   ? K

626 085281



ID USED MA. Driver's Lic. #
S28714903

**SPRINGFIELD POLICE DEPT.**
P. O. BOX 308, SPFLD., MA 01101

NO ARREST RECORD

AUG 1 2 2005

CJIS DIVISION
FBI

# The Commonwealth of Massachusetts
## Executive Office of Public Safety
## Criminal History Systems Board

**Mitt Romney**
Governor

**Kerry Healey**
Lieutenant Governor

200 Arlington Street, Suite 2200
Chelsea, Massachusetts 02150
Tel: 617-660-4600
TTY Tel: 617-660-4606
Fax: 617-660-4613
www.mass.gov/chsb

**Edward A. Flynn**
Secretary of Public Safety

**Barry J. LaCroix**
Executive Director

Ex.B

To whom it may concern:

A computerized search has been made of the database of the Criminal History Systems Board, which is the repository for criminal records in the Commonwealth of Massachusetts, for GHULAM, MUHAYYODIN, date-of-birth 01/28/72 and have determined that he or she has no adult criminal court appearances.

Signed under the pains and penalties of perjury this Twenty-Nineth day of June, 2005.

_Sean M. Hughes_
Criminal History Systems Board

Suffolk, ss.
County

Then appeared before me the above-named individual and swore the statements made herein to be true to the best of his or her knowledge and belief.

Dated: 06/29/2005

_[signature]_
Notary Public

5/5/06

My commission expires

The Commonwealth's Provider of Criminal Justice Information Services

PRINTED ON RECYCLED PAPER