```
              UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF MASSACHUSETTS


CARMEN L. GHULAM and          )
MUHAYYONDIM GHULAM            )
                              )
        Plaintiffs,           )   Civil Action No.
                              )   05cv30555-MAP
    v.                        )
                              )
DENIS RIORDAN, Director       )
of the UCIS Boston, District  )
Office, et al.,               )
                              )
        Defendants.           )
```

**OPPOSITION TO PLAINTIFF'S OBJECTIONS TO
REPORT AND RECOMMENDATION**

The defendants, Denis Riordan, District Director of the Boston, Massachusetts, District of the United States Citizenship and Immigration Service ("USCIS") of the Department of Homeland Security ("DHS"), Eduardo Aguirre, Director of the USCIS, and Michael Chertoff, Secretary of the DHS, submit this opposition to the plaintiff's Objections to the Report and Recommendation.

**BACKGROUND**

The plaintiffs, Carmen Torres Ghulam and Muhayyoden Ghulam, brought a lawsuit seeking an order of mandamus. Complaint ¶ 1. Muhayyoden Ghulam is a native and citizen of Pakistan who entered the United States on October 14, 1999, as a nonimmigrant visitor and married a United States citizen on March 7, 2000. The plaintiffs filed a visa petition and an application for adjustment of status on March 23, 2000. This lawsuit seeks to compel a decision on the petition and application.

On May 31, 2005, the defendant moved to dismiss the complaint for a lack of subject matter jurisdiction and failure to state a claim. On August 12, 2005, the United States Magistrate Judge ("USMJ") issued a Report and Recommendation (R&R) recommending allowance of the defendants' motion. On August 23, 2005, the plaintiffs objected to the R&R.

### **ARGUMENT**

The statutes and case law support the recommendation that the complaint be dismissed for a lack of subject matter jurisdiction. The immigration statute provides that "notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action of the Attorney General to commence proceedings, adjudicate cases or execute removal orders against any alien under this Act. 8 U.S.C. § 1252(g) (emphasis added). Since the INA expressly limits jurisdiction, the APA cannot provide an independent basis for jurisdiction. R&R at 4, citing Saleh v. Ridge, 367 F.Supp.2d 508 (S.D.N.Y. 2005).

In addition, under the First Circuit standard, mandamus relief is not available because the plaintiffs cannot show "clear entitlement" to relief or "irreparable harm." R&R at 4, citing Chronicle Publishing Co. v. Hantzis, 902 F.2d 1028,. 1031 (1st Cir. 1990). Yu v. Brown, 36 F.Supp.2d 922, 925 (D.N.M. 1999),

cited by the plaintiffs, does not provide grounds for ignoring the First Circuit precedent.

Accordingly, the R&R correctly recommended dismissal for a lack of subject matter jurisdiction.

Moreover, while the processing of the plaintiffs' petition and application may be taking longer than the plaintiffs would like, the USMJ properly concluded that the plaintiffs' have failed to show that the delay is unreasonable as a matter of law.

## CONCLUSION

For the foregoing reasons, the defendants respectfully request that the court adopt the Report and Recommendation and dismiss the plaintiffs' complaint.

>                    Respectfully submitted,
>
>                    MICHAEL J. SULLIVAN
>                    United States Attorney
>
>              By:   /s/Karen L. Goodwin
>                    Karen Goodwin
>                    Assistant U.S. Attorney
>                    U.S. Attorney's Office
>                    Federal Building & Courthouse
>                    1550 Main Street

Dated: September 2, 2005        Springfield, MA  01103

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed this date, postage prepaid, to Marie Angelides, 256 North Pleasant Street, Amherst, MA 01002.

>              /s/Karen L. Goodwin
>              Karen L. Goodwin

3